PROCTER & GAMBLE COMMER-CIAL LLC as successor in interest of Gillette de Puerto Rico, Inc. and Gillette de Puerto Rico LLC, Plaintiffs

v.

CARIBBEAN VESSELS,
et al., Defendants.

Civil No. 03–1036 (FAB).

United States District Court,
D. Puerto Rico.

June 18, 2007.

Omar Oquendo–Claudio, Antonio A. Arias–Larcada, McConnell Valdes, San Juan, PR, for Gillette de Puerto Rico, Inc.

## ORDER TO SHOW CAUSE

BESOSA, District Judge.

Pending before the Court is Procter & Gamble Commercial LLC's Motion for Summary Judgment. (Docket No. 73)

The Docket in this case shows that plaintiff has failed to demonstrate that the Court has *in personam* jurisdiction over the nonresident defendants in this case.

In this diversity action, Gillette de Puerto Rico, Inc. ("Gillette Puerto Rico" or "Procter & Gamble") seeks to collect $432,811.71 in outstanding invoices for batteries allegedly ordered by Rafael A. Sanz ("Sanz") on behalf of Caribbean Vessels Services, S.A. ("CVS"). In its Complaint, Gillette included CVS, Mr. Sanz, his wife, Marilyn Cebollero, and their conjugal partnership as defendants.

CVS is organized as a "sociedad anonima" under the laws of the Dominican Republic and is a resident of the Dominican Republic. (Docket No. 4 and 49) It distributes products, including batteries, supplied by Gillette, to vessels in the Dominican Republic. CVS has no office or employees in Puerto Rico. Mr. Sanz is a citizen and resident of the Dominican Republic, and appears to be the sole owner of CVS.[1] Mr. Sanz and Marilyn Cebollero are married to each other. (Docket No. 49)

Gillette Puerto Rico was a Delaware corporation duly authorized to do business in the Commonwealth of Puerto Rico, with its principal place of business in Guaynabo, Puerto Rico. (Docket No. 4) It manufactured and supplied personal care products, blades, razors, batteries and other products worldwide.[2] *Id.*

According to the Amended Complaint, CVS purchased from Gillette Puerto Rico certain batteries for distribution in the Dominican Republic and, pursuant to the terms of the agreement, it left an unpaid balance of $432,811.71. Allegedly, from 2001 to 2002 CVS would order batteries from Gillette Dominicana S.A. ("Gillette Dominicana"); Gillette Dominicana would then "notify" the orders to Gillette Puerto Rico; Gillette Puerto Rico would process the order and remit the batteries to the

1. Sanz is listed in the Credit Application with Gillette Dominicana, S.A. as the sole shareholder and/or owner of CVS. (Docket No. 74, Exh. D)

2. On February 15, 2007, the Court granted Procter & Gamble Commercial LLC's ("Procter & Gamble") "Motion of Substitution of Procter & Gamble Commercial LLC as successor in interest of Plaintiff Gillette de Puerto Rico, Inc. pursuant to Fed.R.Civ.P. 25(c)" (Docket No. 75)

Dominican Republic. After Gillette Puerto Rico received CVS' orders from Gillette Dominicana, it would process them and would issue the corresponding invoices to CVS at or near the time the orders were placed. *Id., (see also* Docket No. 74)

■ The Due Process Clause of the United States Constitution protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. *See Burger King v. Rudzewicz,* 471 U.S. 462, 471–472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Hoyos–Aliff v. Fomento de Construcciones y Contratas,* 2006 WL 852065, *2 (D.P.R., March 28, 2006) (unpublished order). Consequently, the court can issue a binding decision only when the court has personal jurisdiction over each party to the case. *See Trio Realty, Inc. v. Eldorado Homes, Inc.,* 350 F Supp.2d 322, 325 (D.P.R.2004), *citing Rodríguez v. Dixie Southern Industrial, Inc.,* 113 F.Supp.2d 242, 249 (D.P.R.2000).

■ It is the plaintiff's burden to establish that personal jurisdiction over the defendants exists. *Id.* To make that showing, plaintiff is required to establish two conditions: (a) that the forum has a long-arm statute which purports to grant jurisdiction over the defendant; and (b) that the exercise of jurisdiction comports with the United States Constitution's strictures.

*See Pritzker v. Yari,* 42 F.3d 53, 60 (1st Cir.1994).

■ Puerto Rico's long-arm statute is Rule 4.7 of Puerto Rico's Rules of Civil Procedure, 32 P.R. Laws Ann., App. III, Rule 4.7(a)(1) (2) (2001). It extends personal jurisdiction as far as the United States Constitution permits. *Vencedor Mfg. Co. v. Gougler Indus., Inc.,* 557 F.2d 886, 889 (1st Cir.1977). Pursuant to Rule 4.7, a non-resident defendant is subject to the jurisdiction of courts in Puerto Rico, pursuant to the long-arm statute, if the defendant performs an act in Puerto Rico, if the cause of action arises out of that act, and if the defendant's contacts with Puerto Rico are sufficient to meet the constitutional requirements of due process.[3] *American Express International Inc. v. Mendez–Capellan,* 889 F.2d 1175 (1st Cir. 1989) ("In a diversity case, the district court's personal jurisdiction over a non-resident defendant is governed by the forum's long-arm statute.") (*citing Mangual v. General Battery Corp.,* 710 F.2d 15, 18 (1st Cir.1983)).

■ It is clear from the record that CVS does not own or operate any store beyond the borders of the Dominican Republic. Neither is CVS authorized to do business in Puerto Rico as a foreign corporation. Furthermore, the Credit Application on which this lawsuit is based was made by CVS to Gillette Dominicana and

---

**3.** Rule 4.7 expressly provides:

(a) Whenever the person to be served is not domiciled in Puerto Rico, the General Court of Justice shall take jurisdiction over said person if the action or claim arises because said person:

(1) Transacted business in Puerto Rico personally or through an agent; or

(2) participated in tortious acts within Puerto Rico personally or through his agent; or

(3) was involved in an automobile accident while driving a motor vehicle in Puerto Rico personally or through his agent; or

(4) was involved in an accident in Puerto Rico while operating, personally or through his agent, a freight or passenger transportation business in Puerto Rico, between Puerto Rico and the United States or between Puerto Rico and a foreign country, or if, in the operation of said business, an accident occurs outside Puerto Rico and the contract had been executed in Puerto Rico; or

(5) owns, uses or possesses, personally or through his agent, real property in Puerto Rico.

not to Gillette Puerto Rico. (Docket No. 74, Exh. D, p. 4–5) The later "Sub–Account Modification" of CVS' account was also made by Gillette Dominicana. *Id.*, p. 6 The fact that the orders placed by Mr. Sanz on behalf of CVS to Gillette Dominicana were notified to Gillette Puerto Rico, processed in Puerto Rico and that the product ordered was sent by Gillette Puerto Rico to the Dominican Republic is insufficient to meet the constitutional due process requirements. Furthermore, the fact that the outstanding invoices for the batteries ordered by CVS were issued by Gillette Puerto Rico is also insufficient to meet due process requirements. The reason is simple: CVS placed its orders with Gillette Dominicana, and it was Gillette Dominicana which "notified" Gillette Puerto Rico of CVS's orders. *See Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708, 713 (1st Cir.1996) ("The defendant's contacts with the forum should be voluntary and not based on the unilateral actions of a third party."); *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) (To establish minimum contacts, nonresident defendants must do some act or acts by which they **"purposefully** avail themselves of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.") (emphasis added)

■ Finally, defendants have not waived their defense of lack of *in personam* jurisdiction. Indeed, in both their Motion for Relief from Judgment (Docket No. 12) and their answer to the complaint, the defendants have consistently raised the lack of *in personam* jurisdiction. For example, in their Motion for Relief from Judgment, defendants asserted that the Court did not have *in personam* jurisdiction over them inasmuch as they are residents of the Dominican Republic and that plaintiff failed to allege or demonstrate that they have sufficient contacts with Puerto Rico to justify subjecting them to jurisdiction and trial in Puerto Rico.[4] (Docket No. 7, p. 2) In addition, when Sanz and Cebollero answered the Complaint, they challenged this Court's *in personam* jurisdiction because "all defendants are residents of the Dominican Republic and do not have minimum contacts with the local forum". (Docket No. 49, p. 4)[5]

■ Therefore, the plaintiff shall **SHOW CAUSE** on or before **June 29, 2007,** why this case should not be dismissed for lack of *in personam* jurisdiction over defendants CVS, Mr. Sanz, his wife, Ms. Cebollero, and their conjugal partnership. Plaintiff's motion in compliance shall not exceed ten (10) pages in length. Defendants may file a reply, not exceeding seven (7) pages in length, on or before **July 10, 2007.** No further extensions of time will be granted.[6]

---

**4.** It is important to mention that, when the Court reopened the case because the service of process was not properly effected upon defendants, it deemed the *in personam* jurisdiction issue as premature and did not address the same in its Opinion.

**5.** CVS never answered the complaint and the Clerk entered its default on September 5, 2007. In addition, attorney Bini–Del Valle filed a motion to withdraw as counsel for defendants Mr. Sanz, Ms. Cebollero and the conjugal partnership constituted between them. The request was granted on June 28, 2006. (Docket No. 68) As of today, no other

counsel has filed an appearance on their behalf.

**6.** Although the defendants have not filed a motion to dismiss for lack of *in personam* jurisdiction, the Court may dismiss plaintiff's claims *sua sponte* for lack of *in personam* jurisdiction. *See St. Claire v. EnsureLink,* 2002 WL 663570, n. 1 (N.D.Texas, April 19, 2002) (Although a defendant did not file a motion to dismiss for lack of personal jurisdiction, the court dismissed *sua sponte* plaintiff's claims against him for lack of *in personam* jurisdiction).

The Court will hold Defendant's Motion for Summary Judgment (Docket No. 73) in abeyance until a final determination of this issue.

**IT IS SO ORDERED.**